**E-FILED**
Wednesday, 22 August, 2012  03:56:23 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff/ | ) | |
| Counter-Defendant, | ) | |
| | ) | |
| v. | ) | No. 12-cv-1097 |
| | ) | |
| AMANDA DYER, | ) | |
| | ) | |
| Defendant/ | ) | |
| Counter-Plaintiff. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and

Recommendation on Plaintiff/Counter-Defendant Owners Insurance

Company's (Owners) Motion to Dismiss Counterclaim Pursuant to Federal

Rule of Civil Procedure 12(b)(6) (d/e 11) (Motion).  Defendant/Counter-

Plaintiff Amanda Dyer filed a two-count Counterclaim against Owners.

Answer and Counterclaim (d/e 8) (Counterclaim).  For the reasons set forth

below, the Court recommends that Count I of the Counterclaim be

dismissed with leave to replead Dyer's claim or claims for damages, and

that the request to dismiss Count II be denied.

## STATEMENT OF FACTS

The factual allegations are largely undisputed.  Dyer is the daughter of Alice Dyer.  Owners issued an automobile insurance policy to Alice Dyer as the insured (Policy).  Dyer was an insured person covered by the Policy. The Policy included underinsured motorist coverage with a policy limit of $500,000.00.  The Policy's underinsured motorist coverage provision contained the following clause regarding arbitration (Arbitration Clause):

6. **CONDITIONS**

The following conditions apply in addition to those contained in **SECTION VI-GENERAL CONDITIONS** of this policy.

b.     ARBITRATION

(1)     If we and a person entitled to Underinsured Motorist Coverage under this endorsement do not agree:

(a)     that the person is entitled to recover compensatory damages; or

(b)     to the amount of those damages

The matter may be arbitrated provided both we and the injured person agree to arbitration. If so, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that a judge of a court having jurisdiction make the selection.

(2)     Each party will pay its own arbitrator and share equally all other expenses of arbitration.

     (3)    Arbitration will take place in the county and state in which the person entitled to coverage lies. Local rules of procedure and evidence will apply.

     (4)    A decision by any two of the arbitrators will be binding and may be enforced by either party in a court of competent jurisdiction.

Complaint ¶ 14.

On August 14, 2010, Dyer was injured in an automobile accident with an underinsured motorist.  Owners authorized Dyer to settle her underlying liability case against the underinsured tortfeasor for the policy limits of $50,000.00.

On March 11, 2011, Dyer supplied Owners with a medical specials list and demand for uninsured motorist coverage in the sum of $450,000.00, the remaining amount available under the Policy's underinsured motorist coverage limit.  On April 27, 2011, Dyer sent another correspondence to Owners.  The April 27 correspondence stated that she had made a demand on March 11, 2011, but had received no response. The April 27 correspondence demanded arbitration of the underinsured motorist claim and named an arbitrator.

On May 26, 2011, Dyer sent another correspondence to Owners stating that a settlement demand was sent on March 11, 2011, but no response had been received.

On June 6, 2011, Dyer's attorneys sent to the American Arbitration Association (AAA) a packet of material including the Policy, the demand for arbitration, and information concerning the accident and injuries.  A copy of the packet was also sent to Owners.  On June 13, 2011, AAA acknowledged receipt of the packet and asked for an administrative fee of $325.00 from the respondent.  On July 28, 2011, AAA notified both parties that $325.00 was still unpaid.  On July 29, 2011, Dyer paid the $325.00 on behalf of Owners.  She also requested reimbursement in writing from Owners.

On August 9, 2011, Dyer returned the list of AAA arbitrators with her strikes listed.  On October 13, 2011, AAA appointed an arbitrator and requested that the parties provide dates in January and February 2012 for availability for arbitration.

On October 19,2011, Owners notified Dyer's attorney in writing that Owners would not agree to arbitration of this case.  On January 9, 2012, Dyer's attorney wrote Owners to ask for an explanation of the refusal to arbitrate.  On January 12, 2012, Owners responded with a letter that quoted the Policy language and stated "Auto Owners is not agreeing to arbitration."  Counterclaim ¶ 20.

On January 19, 2012, Owners notified the AAA that it would not agree to arbitration.  On January 30, 2012, Owners contacted AAA and

asked for confirmation that the arbitration would be canceled.  The

arbitration hearing proceeded on February 7, 2012.  The arbitrator awarded

damages to Dyer in the sum of $653,000.00, but which was reduced to

$450,000.00 due to the available amount under the Policy limit (Arbitration

Award).

Based on these allegations, Dyer alleged two counts in her

Counterclaim.  Count I prayed for the following relief:

> WHEREFORE, Defendant/Counter-Plaintiff Amanda Dyer
> prays that this Court declare and adjudicate the rights of the
> parties as follows:
>
> A.   Declare that the Arbitration Provision set forth in the
>      Owners Underinsured Motorist policy is invalid and
>      unenforceable.
>
> B.   Confirm and Enter Judgment on the Arbitration
>      award of February 2, 2012.
>
> C.   Alternatively, determine and set the damages to
>      Amanda Dyer for the underinsured motorists claim.
>
> D.   Any such order and relief as this Court deems just
>      and proper.

Answer and Counterclaim, at 8.

Count II sought statutory remedies for vexatious and unreasonable

delay in handing Dyer's claim in violation of §155 of the Illinois Insurance

Code, 215 ILCS 5/155(1)(a)-(c).  Owners now moves to dismiss both

Counts.

## ANALYSIS

Owners moves to dismiss the Counterclaim for failure to state a claim.  Rule 12(b) applies to claims, including counterclaims.  See e.g., Whirlpool Financial Corp. v. Sevaux, 866 F.Supp. 1097, 1099 (N.D. Ill. 1994).  Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a claim fails to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2) & (d)(1).  While a claim need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible if the plaintiff  "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests.  George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007).  Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled

under Rule 8."  Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

Count I asks for the Court to enter a declaratory judgment to declare that the Arbitration Clause is invalid and unenforceable, to enforce the Arbitration Award, and, alternatively, to set the amount of damages. The Arbitration Clause is governed by the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16; see Wailua Associates v. Aetna Cas. And Sur. Co., 904 F.Supp. 1142, 1147 (D. Ha 1995); see also Commonwealth Edison Co. v. Gulf Oil Corp., 541 F.2d 1263, 1269 (7th Cir. 1976).  The FAA establishes the principle that arbitration clauses are to be enforced according to their terms like any other contract provision.  Rent-A-Center West, Inc. v. Jackson, __ U.S.__, 130 S.Ct. 2772, 2776 (2010).  This Court may determine the validity of the Arbitration Clause unless the issue of the parties delegated the issue of validity to the arbitrator.  Id. at 2778-79.  In this case, the Arbitration Clause does not delegate the issue of validity to the arbitrator.  The Court, therefore, may consider the issue.

Dyer does not allege any basis for declaring the Arbitration Clause invalid or unenforceable.  Dyer does not allege unconscionability, fraud in the inducement, lack of consideration, mutual mistake, or any other defense or basis for invalidity.  Dyer fails to state a claim for the first request for relief.

Dyer also fails to state a claim for enforcement of the Arbitration Award.  The Court must enforce the Arbitration Clause according to its terms.  Rent-A-Center West, Inc., 130 S.Ct. at 2776.  The Arbitration Clause states that the matter may be arbitrated if, "both we and the injured person agree to arbitration."  Arbitration Clause.  The word "we" refers to Owners.  Thus, Owners and Dyer must both agree to arbitrate the claim.  Owners did not.  The Arbitration Clause also requires two arbitrators, one selected by each party.  The arbitration hearing was conducted by only one arbitrator.  Dyer, therefore, fails to allege either that the February 7, 2012, arbitration hearing was authorized by the Arbitration Clause, or that the Arbitration Award was authorized by the Arbitration Clause.  Count I fails to state a claim for a declaratory judgment to enforce the Arbitration Award.

Dyer has alleged a basis for a claim for damages, but she should replead the claim.  Dyer alleged a contractual right to payment under the underinsured coverage provisions of the Policy, a demand for payment, and an apparent refusal to pay by Owners.  Dyer, however, prayed for an award of damages as part of a count seeking a declaratory judgment.  A declaratory judgment is available to declare the legal rights of parties to an actual controversy.  28 U.S.C. § 2201.  Dyer's other requests for declaratory relief should be dismissed, so her damage claim is all that is left.  Damages are a remedy for injuries that have resulted from a civil

wrong, such as a breach of contract or a tort.  A claim for damages alone should not be brought as an action for declaratory judgment action. Blackman v. Stone, 101 F.2d 500, 505 (7th Cir. 1939).  Dyer should give Owners and the Court notice of the theories under which she believes she is entitled to damages from Owners.  The Court recommends Dyer's prayer for damages in Count I be dismissed with leave to replead her claim or claims for damages against Owners.

Count II of the Counterclaim seeks statutory relief under §155 of the Illinois Insurance Code, 215 ILCS 5/155.  Section 155 authorizes the recovery of attorney fees and a penalty in cases in which an insurance company engaged in vexatious and unreasonable delay in settling an insured claim.  Owners argues that Dyer fails to allege enough to show any vexatious or unreasonable delay.  Owners notes that §155 imposes a penalty and is strictly construed.  See Brief in Support of Motion to Dismiss Counterclaim Pursuant to Federal Rule of Civil Procedure (d/e 12), at 10, (citing Citizens First National Bank of Princeton v. Cincinnati Ins. Co., 200 F.3d 1102, 1110 (7th Cir. 2000)).

The allegations regarding the delay in handling Dyer's claim are enough to create a question of fact.  When read favorably to Dyer, Owners waited from March 11, 2011, to October 19, 2011,  to respond to Dyer's claim.  Even then, Owners only notified Dyer that it would not agree to

arbitration.  The October 19, 2011, letter is not before the Court so the Court does not know whether Owners denied the claim at this time, or just refused the request to arbitrate.[1]  Reading the allegations favorably to Dyer, Owners may have never either allowed or denied Dyer's claim.  A jury could conclude that Owners should have at least informed Dyer of the status of her claim.   Dyer has alleged enough to raise a factual question regarding the reasonableness of Owners' actions.  The Court does not believe that this factual question should be resolved on a motion to dismiss.  The Court therefore recommends denial of the request to dismiss Count II.

WHEREFORE this Court recommends that Plaintiff/Counter-Defendant Owners Insurance Company's Motion to Dismiss Counterclaim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (d/e 11) should be allowed in part and denied in part.  The Court recommends that Count I of the Counterclaim should be dismissed, but Defendant/Counter-Plaintiff Amanda Dyer should be given leave to replead her claim or claims for damages.  The request to dismiss Count II should be denied.

---

[1]Either party may have filed the correspondence referenced in the Counterclaim. Dyer could have attached the relevant documents to the Counterclaim.  Fed. R. Civ. P. 10.  Owners could have supported the Motion with documents referenced in the Counterclaim and central to the claims.  See 188 LLC v. Trinity Industries, Inc., 300 F.3d 730, 735 (7th Cir. 2002).

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.


ENTER:  August 22, 2012


　　　　　s/ Byron G. Cudmore　　　　
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE