UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| OWNERS INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-1097 |
| AMANDA DYER, | ) ) ) |
| Defendant. | ) ) |

**O R D E R**

On August 22, 2012, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above captioned case. More than 14 days have elapsed since the filing of the Report & Recommendation, and no objections have been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Lockert v. Faulkner, 843 F.2d 1015 (7th Cir. 1988); and Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). As the parties failed to present timely objections, any such objections have been waived. Id.

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. Suffice it to say that Plaintiff has brought this litigation seeking a declaration that the Arbitration Provision set forth in the Owners Underinsured Motorist policy is valid and enforceable, that Owners has no obligation to arbitrate the Defendant's claim unless and until Owners voluntarily consents to such arbitration, and that the arbitration proceeding by Defendant on February 2, 2012, is invalid. Plaintiff filed a counter-claim seeking a declaration that the arbitration provision is invalid and that the February 2, 2012, arbitration award is valid, as

well as statutory remedies for vexatious and unreasonable delay in handling her claim; alternatively, Defendant asked the Court to determine her entitlement to damages. Plaintiff moved to dismiss the counter-claim. The Magistrate Judge concluded that Defendant's allegations failed to demonstrate the invalidity of the arbitration clause or the validity of her unilateral arbitration award. However, the Magistrate Judge found that she was entitled to replead her claim for damages and that she created enough of an issue of material fact on unreasonable delay claim to survive the Motion to Dismiss. The Court concurs with the Magistrate Judge's recommendation.

Accordingly, the Court now adopts the Report & Recommendation [17] of the Magistrate Judge in its entirety. Defendant's Motion to Dismiss [11] is GRANTED IN PART and DENIED IN PART.

ENTERED this 26th day of September, 2012.

s/ James E. Shadid
James E. Shadid
United States District Judge